IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELISSA A. HARRIMAN,**

    **Plaintiff,**

  vs.                                        Civil Action 2:12-CV-33
                                                    Judge Graham
                                                     Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

<u>OPINION AND ORDER</u>

This case sought review, under the provisions of 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. On February 25, 2013, this Court reversed the decision of the Commissioner and remanded the action to the Commissioner for further proceedings. *Order*, Doc. No. 22. Final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g) was entered that same date. *Judgment*, Doc. No. 23. This matter is now before the Court on *Plaintiff Melissa A. Harriman's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act* ("*Plaintiff's Motion*"), Doc. No. 24. Plaintiff specifically seeks an award of $4,233.42 for 23.00 hours of work compensated at an average hourly rate of approximately $184.06 per hour. *Plaintiff's Motion*, p. 1. The Commissioner has not filed a response to *Plaintiff's Motion*. For the reasons that follow, *Plaintiff's Motion* is **GRANTED** in part.

1

**II. STANDARD**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

**III. DISCUSSION**

This action was remanded to the Commissioner and final judgment was entered pursuant to Sentence 4 of 42 U.S.C. § 405(g) on February 25, 2013. *See Order*, Doc. No. 22; *Judgment*, Doc. No. 23. Plaintiff is a "prevailing party" under the EAJA because she received a Sentence 4 remand order. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). *Plaintiff's Motion* was also filed within 30 days of final judgment, as required under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B).

Whether or not the Commissioner's position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson,* 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood,* 487 U.S. 552,

2

564-65 (1988).  The position of an agency is "substantially justified" if it is "'justified in substance or in the main' – that is, justified to a degree that would satisfy a reasonable person." *Underwood,* 487 U.S. at 565-66.  The Commissioner's litigation position is "substantially justified" if it is reasonable in both law and fact.  *Id*.  An agency's position can be substantially justified even if a court ultimately finds it erroneous or not supported by substantial evidence.  *See United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991).  However, the burden of showing substantial justification rests with the Commissioner.  *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In the case *sub judice*, the Court reversed the decision of the Commissioner and remanded the matter for further proceedings because the administrative law judge's evaluation of Listing 12.05C was not supported by substantial evidence.  *See Order*, Doc. No. 22; *Report and Recommendation*, Doc. No. 21, p. 9.  As the Magistrate Judge stated in recommending the remand of this action, the administrative law judge's finding in evaluating Listing 12.05C, *i.e.*, that plaintiff did not have a physical or other mental impairment imposing an additional and significant work-related limitation of function, was inconsistent with his prior finding "that plaintiff suffers other severe physical and mental impairments." *Report and Recommendation*, p. 9.  The administrative law judge's decision was internally inconsistent and the Commissioner does not argue that its position was substantially justified.  The Court therefore concludes that the position of the Commissioner was not substantially

justified and that an award of fees under the EAJA is warranted. *See True*, 250 F.3d at 419 n.7 ("[U]nder the EAJA it is the government's burden to prove that its position was substantially justified.").

Having determined that attorneys' fees should be awarded under the EAJA, the Court must also determine what fee is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.). Plaintiff seeks an award of attorneys' fees in the amount of $4,233.42, itemized as follows:

| Date | Hourly Rate[1] | Hours | Fee |
|---|---|---|---|
| Nov-11 | $ 181.62 | 1.50 | $ 272.43 |
| Jan-12 | $ 181.97 | 3.00 | $ 545.91 |
| Feb-12 | $ 182.77 | 0.25 | $ 45.69 |
| Mar-12 | $ 184.16 | 1.50 | $ 276.24 |
| May-12 | $ 184.50 | 8.25 | $ 1,522.13 |
| Jun-12 | $ 184.23 | 0.25 | $ 46.06 |
| Jul-12 | $ 183.93 | 0.50 | $ 91.97 |
| Aug-12 | $ 184.95 | 3.25 | $ 601.09 |
| Jan-13 | $ 184.87 | 0.25 | $ 46.22 |
| Feb-13 | $ 184.87 | 1.00 | $ 184.87 |
| Mar-13 | $ 184.87 | 3.25 | $ 600.83 |
| Total: | | 23.00 | $ 4,233.42 |

*Plaintiff's Motion*, Exhibit D, at p. 16.

An award under the EAJA must be reasonable:

---

[1] It appears that plaintiff determined the hourly rate by dividing the United States Bureau of Labor Statistics' Consumer Price Index ("CPI") for the month in which services were rendered by the CPI for March 1996, and then multiplying that figure by $125.00. The more common method of determining a CPI adjusted hourly rate is to divide the average annual CPI for the year in which services were rendered by the CPI for March 1996, and then multiplying that figure by $125.00. *See e.g.*, *Couch v. Comm'r of Soc. Sec.*, No. 1:11-cv-17, 2012 WL 6644284, at *5 (S.D. Ohio Dec. 20, 2012); *Willis v. Comm'r of Soc. Sec.*, No. 10-CV-594, 2012 WL 4322604, at *3 (S.D. Ohio Sept. 20, 2012); *McKenzie v. Comm'r of Soc. Sec.*, No. 1:09-cv-341, 2011 WL 2580279, at *5 (S.D. Ohio June 6, 2011). Plaintiff's method is acceptable here because it results in an hourly rate that is slightly lower than the figure generated by the more common method of calculation.

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. (quoting *Blum*, 465 U.S. at 895 n.11).

Once the district court has examined the prevailing market rate, it must then consider whether a fee in excess of the $125.00 statutory cap is justified based on cost of living increases. 28 U.S.C. § 2412(d)(2)(A); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992). "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant such an adjustment is left to the sound discretion of the district court. *Id.* at 199-200. Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate does

5

not warrant an increase in the rate. *Bryant*, 578 F.3d at 450.

In the case presently before the Court, plaintiff has submitted the affidavit of his attorney, Clifford M. Farrell, the Department of Labor's Consumer Price Index, the affidavit of Gary J. Pandora, Esq., and a copy of *The Economics of Law Practice in Ohio* in support of the proposed hourly rate. The affidavit of plaintiff's attorney sets forth his normal rate in non-contingent matters at $175 per hour. *See Affidavit of Plaintiff's Attorney, Clifford M. Farrell*, attached to *Plaintiff's Motion* as Exhibit B, at p. 2. The affidavit of Gary J. Pandora, Esq., an attorney in Columbus, Ohio who has represented Social Security claimants in federal court, avers that an hourly rate of "up to $200-225 per hour" is "in line with prevailing rates in Ohio for the same type of services provided by lawyers of reasonably comparable skill, experience and reputation" to plaintiff's attorney. *Affidavit of Gary J. Pandora*, attached to *Plaintiff's Motion* as Exhibit E, at p. 2. Additionally, plaintiff has provided evidence that the mean billing rate in the Downtown Columbus area, where plaintiff's attorney practices, is $266 per hour, the mean billing rate for trial attorneys is $244 an hour, and the mean billing rate in Ohio for attorneys with more than 25 years' experience is $229 an hour. *See The Economics of Law Practice in Ohio*, attached to *Plaintiff's Motion* as Exhibit F. Under the circumstances, the Court concludes that plaintiff has provided satisfactory evidence that the requested average hourly rate of approximately $184.06 is in line with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Cf*. *Delver v. Astrue*, No. 1:06cv266, 2011 WL 4914963, at

\*3 n.2 (S.D. Ohio Sept. 9, 2011) (suggesting a preference for "affidavits from other attorneys who practice in federal court," "publications that discuss the prevailing market rate," or "an affidavit from counsel setting forth . . . her normal hourly rate").

The Court also concludes that the hours itemized by plaintiff's counsel are reasonable. Notably, plaintiff's counsel did not include time in connection with either plaintiff's or the Commissioner's requests for extensions of time. *See Plaintiff's Motion*, Exhibit D, at pp. 1-3. Similarly, plaintiff's counsel did not itemize time spent reviewing emails from the Court's electronic docketing system, even though billing for such activities has been upheld in the past. *See Drain v. Astrue*, No. 2:10-cv-0025, 2011 WL 63513, at \*3 (S.D. Ohio Jan. 6, 2011). Additionally, the administrative record in this case exceeds 850 pages and there is no indication that the time billed is improper or excessive. Based on the foregoing, the Court concludes that the hours itemized by plaintiff's counsel are reasonable.

Finally, plaintiff requests that any fees awarded be payable directly to her attorney, pursuant to her affidavit and assignment of EAJA fees. *See Plaintiff's Motion*, p. 1, Exhibit A. The United States Supreme Court has determined that fees awarded to a prevailing party under the EAJA belong to the litigant, not to his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). Fees can be directly awarded to an attorney, however, where the litigant does not owe a debt to the government and assigns the right to receive fees to the attorney. *Id*. at 2529.

In the case presently before the Court, it is unclear whether plaintiff owes a debt to the government. Accordingly, the Court finds that, under *Ratliff*, the proper course is to award fees directly to plaintiff and remain silent as to the ultimate disposition of those fees. *See Oliver v. Comm'r of Soc. Sec.*, No. 2:11-cv-447, 2013 WL 65429 (S.D. Ohio Jan. 4, 2013).

For the foregoing reasons, *Plaintiff's Motion*, Doc. No. 24, is **GRANTED** in part. Plaintiff is **AWARDED** an attorney fee under the Equal Access to Justice Act in the amount of $4,233.42.


Date: April 25, 2013


_____s/James L. Graham_____
James L. Graham
United States District Judge